IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CASEY ROSE, # 48743-177,** § | | |
| Movant, § | | |
| § | | |
| v. § | | Civil No. 3:18-CV-685-B-BK |
| § | | (Criminal No. 3:14-CR-367-B-26) |
| **UNITED STATES OF AMERICA** § | | |
| **Respondent.** § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Casey Rose's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for pretrial management, including findings of fact and a recommended disposition. As detailed herein, the motion should be **DENIED,** and this case should be **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

On May 5, 2016, a jury convicted Rose of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A), possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Crim. Doc. 1169. On May 5, 2016, Rose was sentenced to life imprisonment. *Id.* at 2320. On April 4, 2017, the Court of Appeals for the Fifth Circuit affirmed Rose's conviction and sentence. *See United States v. Rose*, 684 F. App'x 403 (5th Cir. 2017).

Rose timely filed the instant section 2255 motion on March 19, 2018. Doc. 1. He asserts:

1. The Court denied his rights under the Confrontation Clause.

2. Appellate counsel was ineffective for failing to raise the Confrontation Clause issue on appeal.

3. The Government committed misconduct by not correcting perjured testimony of one of its witnesses.

4. Each of his trial court attorneys was ineffective for failing to request a mental competency examination.

5. Sentencing counsel was ineffective for failing to raise Rose's "history of extreme mental health problems and that he was heavily medicated during pre-trial, trial, and sentencing."

6. The Court violated his due process rights by allowing him to "proceed under the influence of heavy psychiatric medication during pre-trial, trial, and sentencing" and his "competency was not addressed."

Doc. 1 at 14-22. The Government filed a response in opposition, Doc. 7, to which Rose filed a reply, Doc. 10.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

**A. Claim 1 is Unexhausted and Procedurally-Barred**

Rose asserts that the Court violated his constitutional rights under the Confrontation Clause by limiting his cross-examination of prosecution witness Brandon Crow, and by not

allowing Rose "to show the discrepancies in the [confession] video to the jury." Doc. 1 at 14-15, 19. Rose did not raise either of these issues in his direct appeal, however.

On direct appeal, he only argued that "the district court violated his Sixth Amendment rights when it denied his motion to substitute counsel and allowed him to proceed pro se," and "that the district court violated his due process rights and denied him the right to present a defense when it denied his pretrial motion for a continuance to conduct legal research." *Rose*, 684 F. App'x at 404. Thus both claims are procedurally defaulted, absent a showing of cause and prejudice. *See United States v. Kallestad,* 236 F. 3d 225, 227 (5th Cir. 2000) (stating "a section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result."); *see also United States v. Logan,* 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)). Rose has not satisfied the cause-and-prejudice exception to excuse his failure to raise these claims on direct appeal.

Rose makes no attempt to demonstrate cause and prejudice as to his confession-video claim. Regarding witness Crow, Rose asserts his appellate counsel rendered ineffective assistance by failing to raise on appeal the Court's denial of his right to "completely cross-examine" prosecution witness Crow. Doc. 1 at 15. Rose's ineffective assistance argument is unavailing.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id. at 689*. Moreover, "[t]he Constitution does not require appellate counsel to raise every nonfrivolous ground that

3

might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (citing *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983)). Counsel has a professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach to maximize the likelihood of success on appeal. *Jones*, 463 U.S. at 752. Thus, in order to prove ineffective assistance of appellate counsel, a movant must show that the decision not to raise an issue on appeal was objectively unreasonable. *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (citing Strickland, 466 U.S. at 687).

Here, Rose cannot demonstrate that his appellate attorney was ineffective for failing to raise on appeal a Confrontation Clause argument regarding witness Crow, as such argument would have been clearly frivolous. Indeed, the record reveals that Rose was permitted to cross-examine Crow extensively. *See* Crim. Doc. 2546 at 48-60. However, the Court warned Rose of his inappropriate and irrelevant questioning after Rose asked Crow if he "had to go get a penicillin shot" after spending time with women known as "Pleasant Grove Hood Rats." Crim. Doc. 2546 at 56. The Court admonished: "I've talked to you about affronting the dignity of these proceedings, the jury and everyone else. That's disgusting. And if you continue that, you're going to be finished with your questions." Crim. Doc. 2546 at 56. It was only after Rose subsequently asked Crow if Crow beat up his girlfriend that the Court halted the cross-examination. Crim. Doc. 2546 at 60.

"[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679. Here,

the Court placed a reasonable limit on Rose's cross-examination after the Court first warned Rose regarding his inappropriate questioning of Crow.

Under these facts, Rose has failed to show that by not raising the Confrontation Clause issue on appeal, counsel "failed to perform according to reasonable professional standards which resulted in prejudice to his appeal." *United States v. Merida*, 985 F.2d 198, 202 (5th Cir. 1993). He has likewise failed to show that his appellate counsel's decision not to raise this issue was objectively unreasonable. *See Conley*, 349 F.3d at 841 (5th Cir. 2003). Additionally, Rose fails to demonstrate that the Confrontation Clause issue he desired counsel to present on appeal was clearly stronger than the issues counsel did argue on direct appeal. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome") (citation omitted).

Rose also appears to argue that counsel simply filed an *Anders* brief and failed to raise any arguments on appeal. *See* Doc. 1 at 15. This is factually incorrect. Appellate counsel raised the above-noted substantive issues on appeal. *See Brief of the Defendant-Appellant, Casey Rose, Rose*, 684 F. App'x 403, 2016 WL 5878748 at *2.

Finally, Rose has not demonstrated that he is actually innocent. Actual innocence may provide "a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006)). However, "tenable actual-innocence gateway pleas are rare." *Perkins*, 569 U.S. at 386. To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have

convicted him in the light of the new evidence.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House*, 547 U.S. at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met). Rose offers no evidence that would undermine this Court's confidence regarding the finding of guilt by the jury at trial. Accordingly, Rose's claims that the Court violated his right to confrontation by limiting his cross-examination of witness Crow, and by not allowing him "to show the discrepancies in the [confession] video to the jury" are procedurally barred.

### B. Claim 3 is also Unexhausted and Procedurally-Barred

Rose asserts that the Government violated his right to due process by not correcting perjured testimony of witnesses Crow and "the Dallas Police Officer." *See* Doc. 1 at 22. Rose failed to raise either of these issues on direct appeal. *See Rose, 684 F. App'x at 404*. And he makes no attempt to show cause and prejudice for the failure, or that he is "actually innocent." Therefore, these claims are also procedurally defaulted. *See Kallestad,* 236 F. 3d at 227; *see also Logan*, 135 F.3d at 355 (citing *Frady, 456 U.S. at 168*). Even if the claims were not procedurally defaulted, Rose could not prevail, however.

It is a violation of due process for the government to knowingly use, or fail to correct, false testimony. *See Giglio v. United States*, 405 U.S. 150, 153 (1972). To demonstrate this due process violation, a movant "must establish that (1) [the witness] testified falsely; (2) the government knew the testimony was false; and (3) the testimony was material." *United States v. Mason*, 293 F.3d 826, 828 (5th Cir. 2002) (citing *Giglio*, 405 U.S. at 153-54). Rose's claims – that the Government presented, or failed to correct, perjured testimony from Crow and a Dallas Police officer – are conclusory, and Rose does not point to any evidence in the record in

support.  *See* Doc. 1 at 22.  Thus, his bald allegations wholly fail to establish the requirements to demonstrate a due process violation.  *See Mason*, 293 F.3d at 828.

## II. REMAINING CLAIMS

### A. Ineffective Assistance of Counsel

Rose asserts that each of the attorneys who represented him before this Court provided ineffective assistance because they failed to alert the Court to Rose's mental health issues or request a competency hearing.  Specifically, Rose claims Attorney Robin McCarty failed to have Rose "evaluated as to his competency to stand trial, or inform[] the court of the need to have [Rose] evaluated," and failed to have Rose evaluated "to determine if [he] could represent himself" due to the medications Rose was taking during the trial process.  Doc. 1 at 16, 17.  Rose also contends Attorney Scott Anderson "ignored the fact that [Rose] needed to be evaluated to determine if he was competent to stand trial, or competent to represent himself." *Id.* at 17.  Similarly, Rose claims Attorney Joseph Padian provided ineffective assistance at the sentencing stage because he failed to inform the Court that Rose "had a history of extreme mental health problems and was heavily medicated during pre-trial, trial and sentencing." Doc. 1 at 16.

"[A] criminal defense attorney has a duty to investigate a client's medical history when it becomes clear that the client is suffering from mental difficulties rendering him insane or incompetent to stand trial." *Miller v. Drekte*, 420 F.3d 356, 364 (5th Cir. 2005).  Here, the only evidence Rose offers in support of his claims, are copies of medication administration records from August and September 2015.  Doc. 1 at 23-26.  These documents do not demonstrate that Rose's attorneys were ineffective.  Nothing in the medication records Rose provided demonstrates that he was suffering from mental difficulties so sever as to render him insane or

7

incompetent to stand trial, as they merely list the medications and the date and time the medications were administered. *See* Doc. 1 at 23-25. Rose asserts he started taking the "psychiatric medication" Doxapin and Wellbutrin in 2000 and started taking it again in "approximately May 2015." *Id*. at 18. Even assuming that Rose was taking the medication for mental health issues, that alone does not establish that counsel had a legal duty to act, as "[n]ot all people who have a mental problem are rendered by it legally incompetent." *Bouchillon v. Collins*, 907 F.2d 589, 593 (5th Cir. 1990).

Apart from the medication records, Rose offers nothing in the record to demonstrate he was incompetent to stand trial or that such fact should have been clear to counsel. *See generally* Doc. 1 at 16-18. Although in his Pre-Sentence Report Rose reported that he has been diagnosed with "depression and mild schizophrenia," *see* Crim. Doc. 1877-1 at 32, he presents no medical documentation to support his assertion. Again, the mere fact of a mental health diagnosis does not render a defendant incompetent to stand trial. *See United States v. Garcia*, 674 F. App'x 351, 353 (5th Cir. 2016) (citing *United States v. Mitchell*, 709 F.3d 436, 439-41 (5th Cir. 2013). Thus, Rose's claims that counsel provided ineffective assistance at the pre-trial and sentencing stage in this regard, are without merit. *See Strickland,* 466 U.S. at 687*; Miller*, 420 F.3d at 364.

Rose additionally asserts that Attorney Anderson provided ineffective assistance at the pre-trial stage by showing a "lack of interest in defending [Rose]," and by failing to obtain copies of police car videos and the original video of his confession. Doc. 1 at 20-21. Rose asserts that the videos would demonstrate that the police illegally stopped him prior to his arrest, and that his request for an attorney was ignored prior to his confession. He argues that

Attorney Anderson therefore provided ineffective assistance for not pursuing this strategy. A review of the record demonstrates that this argument must fail.

During a pre-trial hearing, Anderson stated:

> There's only one or two motions that need to be filed in his case to suppress the evidence, but they are not easy motions. . . . I have been thoroughly studying the evidence in this case to prepare the motions for trial, which will be submitted within a week or so, in time for hearing pretrial, and the trial should not take that long.

Crim. Doc. 2542 at 7. However, at the same hearing, Rose requested, and was granted, the right to represent himself at trial. *See id*. at 21-22. And once Rose began representing himself, he had the ability to request this evidence, but failed to do so. Furthermore, while represented by Attorney McCarty, Rose was allowed to view his video-taped confession and other evidence in possession of the Government. Crim. Doc. 2542 at 8. He was again given access to the evidence once he began representing himself. *See* Crim. Doc. 2543 at 6-9. Accordingly, Rose has failed to demonstrate either deficient performance or prejudice as to Attorney Anderson. *See Strickland,* 466 U.S. at 687.

To the extent that Rose contends Attorney Anderson provided ineffective assistance once the Court appointed him as standby counsel, this argument is unavailing. Rose had no right to standby counsel; therefore, he is not entitled to relief for ineffective assistance of standby counsel. "[W]ithout a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel." *United States v. Oliver*, 630 F.3d 397, 413-414 (5th Cir. 2011) (quoting *United States v. Morrison*, 153 F.3d 34, 55 (2nd Cir. 1998); *See also United States v. Mikolajczyk*, 137 F.3d 237, 246 (5th Cir. 1998) ("[A] defendant's statutory right to choose *pro se* or attorney representation is 'disjunctive'; a defendant has a right to one or the other, but not a combination of the two.").

9

**B. Due Process Claim**

Relatedly, Rose asserts that his due process rights were violated "when he was allowed to proceed under the influence of heavy psychiatric medication during pretrial, trial and sentencing" and that his "competency was not addressed during any portion of the proceedings." Doc. 1 at 18.

"A criminal defendant may not be tried unless he is competent, and he may not waive his right to counsel or plead guilty unless he does so 'competently and intelligently'." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (citations omitted). A defendant is competent to stand trial when he or she has "sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). The same standard applies when determining whether a defendant is competent to waive his right to counsel. *Godinez*, 509 U.S. at 396–98; *Indiana v. Edwards*, 554 U.S. 164, 172-73 (2008). "The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings." *Godinez*, 509 U.S. at 401 n. 12. Under 18 U.S.C. § 4241(a), a district court must *sua sponte* conduct a competency hearing if:

> there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Furthermore, "in determining whether the court should order a § 4241(a) hearing, the court must consider three factors: (1) the existence of a history of irrational behavior, (2) the

10

defendant's demeanor at trial, and (3) prior medical opinion on competency. *See United States v. Messervey*, 317 F.3d 457, 463 (5th Cir. 2002).

Here, Rose offers no record evidence to demonstrate the Court was or should have been aware of any prior irrational behavior. Rose states that at his "intake interview the day of his arrest," he revealed that he "hears voices," "battles depression," and "was in need of his medication." Doc. 1 at 18. However, Rose was arrested on October 15, 2014. *See* Crim. Doc. entry for 10/15/2014. This was almost one year prior to the start of Rose's trial on September 14, 2015. *See* Crim. Doc. 1160. Rose also offers no evidence to demonstrate that he made the Court aware of any history of irrational behavior or medical opinion on his competency, nor does he cite to any questionable demeanor at trial. Rose simply states that "no one cared if [he] was hearing voices, or his mental state." Doc. 1 at 18. Thus, this claim lacks foundation and must fail.

## IV. CONCLUSION

For the foregoing reasons, Rose's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED**, and this case be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on March 19, 2019.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

11

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).